Adam Siegartel
Joseph Lawlor
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(T) 212-835-4843
(F) 212-884-9551
adam.siegartel@haynesboone.com
joseph.lawlor@haynesboone.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONE JEANSWEAR GROUP INC., | |
| Plaintiff, | 1:18-CV-11185 |
| v. | |
| DL1961 PREMIUM DENIM, INC., | **COMPLAINT** |
| Defendant. | |

Plaintiff One Jeanswear Group Inc. ("One Jeanswear"), by and through its undersigned counsel, alleges as follows against Defendant DL1961 Premium Denim, Inc. ("DL1961"):

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement, unfair competition, trademark dilution, misappropriation, and related violations under the Lanham Act, 15 U.S.C. § 1051, *et seq*. (the federal Trademark Act), and New York statutory and common law.

2.      One Jeanswear sells clothing throughout the United States.  One of its most well-known products is its AMANDA style of jeans, which has been a top seller women's jeans style in the United States for many years, including recently.  One Jeanswear's AMANDA jeans have been sold for approximately thirty years in the United States, and since introduction, more than sixty million pairs of its AMANDA jeans have been sold.  One Jeanswear owns a federal trademark registration for its famous AMANDA mark (U.S. Reg. No. 5,163,912).

3.      DL1961 is One Jeanswear's direct competitor and sells clothing throughout the United States, including women's denim products.  A few months ago, DL1961 began selling a new line of AMANDA jeans that feature the same exact trademark as One Jeanswear as well as similar stylings.  Moreover, both jeans are sold through Amazon and a variety of similar department stores and trade channels, and at comparable price points.

4.      In July 2018 – as soon as One Jeanswear learned about the introduction of DL1961's unlawful AMANDA jeans – One Jeanswear contacted DL1961 in writing and demanded that all sales and marketing of the blatantly unlawful products be immediately halted, and that all remaining products in the marketplace be recalled.  Less than two weeks later, DL1961's counsel stated in writing that it would discontinue its unlawful AMANDA jeans.

5.      Instead, in September 2018, One Jeanswear learned that DL1961 was still distributing the unlawful products and selling these products in brick-and-mortar and online trade channels, including DL1961's own website and on Amazon.  One Jeanswear again contacted DL1961 and demanded that the unlawful activities be terminated.  Not only did DL1961 not respond for approximately four weeks, but when DL1961's counsel finally did so, counsel stated for the first time that DL1961 would continue distributing its unlawful AMANDA jeans until its inventory was completely depleted, and DL1961 would not take any action to stop the unlawful sales.  Although One Jeanswear had requested DL1961's sales figures and related information in both its July and September correspondence, DL1961 did not provide any details whatsoever regarding its remaining inventory, the expected timeline for depleting that inventory, its prior sales figures, or any other details to which One Jeanswear was rightfully entitled.

6.      Accordingly, and because DL1961's sales of AMANDA jeans continue through the present day, One Jeanswear has commenced this lawsuit.  DL1961's adoption of

One Jeanswear's famous AMANDA mark for identical and directly competitive products,

in identical trade channels, to identical target customers, is the very definition of willful and

malicious trademark infringement, dilution, and related violations.  Consumer confusion is not

only likely but inevitable, and is undoubtedly already occurring in the marketplace.  DL1961's

bad faith is evidenced not only by its adoption of the AMANDA mark and continuing sales

efforts, but also by its deliberate failure to adhere to its commitment to stop selling the offending

products after One Jeanswear immediately demanded that DL1961 do so.

7.      One Jeanswear and consumers are being greatly harmed by DL1961's willful

trademark infringement, dilution, and related violations of both federal and state law,

and accordingly One Jeanswear seeks all available remedies, including but not limited to

compensatory and punitive damages, attorneys' fees, injunctive relief, a product recall, and

corrective advertising.  Despite the indefensible nature of DL1961's violations, One Jeanswear

on several occasions sought to amicably resolve this dispute in good faith and without resort to

formal litigation.  DL1961 responded with deception and delay tactics, and it is completely

equitable that all of the aforementioned remedies be ordered against DL1961 to the fullest extent

under the law.

## THE PARTIES

8.      One Jeanswear is a New York corporation with its principal place of business at

1441 Broadway, New York, New York 10018.

9.      DL1961 is a Delaware corporation with its principal place of business at

530 Seventh Avenue, Suite 1505, New York, New York 10018.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the subject matter of this action pursuant to

15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338 (a) and (b).  The Court has supplemental

jurisdiction over One Jeanswear's state law claims pursuant to 28 U.S.C. § 1367(a), including because they are substantially related to One Jeanswear's federal claims and arise out of the same case or controversy.

11.     Venue lies in this district pursuant to 28 U.S.C. § 1391 (b), (c), and (d) because DL1961 resides and regularly conducts business in this district; DL1961's contacts with this district are more significant than its contacts with the other districts in this state; a substantial part of the events giving rise to One Jeanswear's claims have occurred and are continuing to occur in this district, and One Jeanswear (the owner of the violated federal trademark registration) is located in this district.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

### One Jeanswear and its Registered, Distinctive, and Famous AMANDA® Mark

12.     One Jeanswear is a clothing company that sells several well-known and famous brands of jeans, including Nine West Jeans, the Jessica Simpson Collection, L.E.I. jeans, and Gloria Vanderbilt jeans.

13.     In the late 1980s, One Jeanswear or its predecessor in interest started selling the AMANDA style of jeans under the Gloria Vanderbilt brand.  The AMANDA style of jeans has been distributed throughout the United States to a broad cross-section of retailers and trade channels.

14.     The AMANDA jean is a woman's denim pant that comes in several fits, including classic and skinny, and a variety of colors.  One Jeanswear advertises its AMANDA jeans as "America's original slimming jean," as many varieties incorporate a slimming waistband that includes spandex for stretch as well as slimming pockets.

15.     One Jeanswear's AMANDA jeans have been sold continuously in the United States since in or about 1989 and are currently available for purchase from a wide variety

of brick-and-mortar and online retailers and trade channels across the United States, including the very large retailers J.C. Penny, Kohl's, Bealls, Belk, Costco, BJ's, and Amazon.

16.     The retail price of One Jeanswear's AMANDA jeans varies depending on style and other variables, but, for example, in October 2018, J.C. Penny offered One Jeanswear's "Classic Skinny AMANDA jean" for $48.00.

17.     One Jeanswear's AMANDA style of jeans has been one of the best-selling women's jeans styles in America in recent years.  Throughout its history One Jeanswear has sold more than sixty million pairs of its AMANDA jeans, and as another example of the current popularity and fame of these jeans, One Jeanswear's AMANDA jeans have routinely been categorized in 2018 as one of the top five selling women's jeans on Amazon across all brands.

18.     One Jeanswear's AMANDA mark is prominently featured on the jeans themselves, and is printed in white lettering on the inner waistband as well as in capitalized lettering on the printed material attached to the back of the jeans, as shown below:



19.     One Jeanswear has spent substantial sums developing and marketing its AMANDA style of jeans, and for many years, AMANDA jeans have been widely and prominently advertised and promoted in a variety of channels, including digital advertising in a variety of forms, print materials, in-store displays, and in other channels.

20.     One Jeanswear's AMANDA jeans have received extensive coverage by the media and other third-parties, including but not limited to coverage in 2018 alone on NBC's Today Show; O, the Oprah Magazine; WhoWhatWear.com; and Spy.com.

**One Jeanswear's Federal Trademark Registration for the AMANDA Mark**

21.     One Jeanswear owns a federal trademark registration for its AMANDA mark (U.S. Reg. No. 5,163,912).  This registration covers "bottoms" in Class 25 (the Class covering apparel).  A copy of the trademark registration certificate is attached hereto as Exhibit A.  This registration includes a date of first use and a date of first use in commerce of December 1989.

22.     One Jeanswear's AMANDA mark is inherently distinctive and famous within the meaning of the Lanham Act.  In the event the AMANDA mark were to be considered descriptive or not inherently distinctive, the mark has acquired distinctiveness and secondary meaning within the meaning of the Lanham Act.  In short, One Jeanswear's AMANDA mark is entitled to the widest scope of protection available under the Lanham Act and related federal, state, and common law.

**DL1961's Infringing, Dilutive, and Unlawful Use of the AMANDA Mark**

23.     Given that One Jeanswear and DL1961 are direct competitors, it is impossible to deny that DL1961 was very familiar with the great fame and success of One Jeanswear's AMANDA jeans when DL1961 adopted the identical AMANDA mark for its own style of jeans. In addition to this actual knowledge, DL1961 had constructive knowledge of One Jeanswear's rights in the AMANDA mark, including based on One Jeanswear's trademark registration referenced above.

24.     Despite this knowledge, DL1961 adopted the AMANDA mark for jeans and manufactured, distributed, and sold AMANDA jeans throughout the United States.  Given the

background facts, it is clear that DL1961's adoption, manufacture, distribution, and sales have all occurred and continue to occur in bad faith and with willful and malicious intent.

25.     One Jeanswear is not aware of any evidence that these manufacturing, distribution, and sales efforts have stopped.  On information and belief, DL1961's sales continue through the present day.  Furthermore, to this day, DL1961 continues to advertise its unlawful AMANDA jeans, including on its website and third-party websites.

26.     The "Amanda" word is printed prominently on DL1961's unlawful AMANDA jeans and the printed materials that are attached to DL1961's AMANDA jeans.

27.     In fact, the AMANDA mark is featured prominently on DL1961's unlawful jeans in at least three places as shown below, in a manner that directly replicates the manner in which One Jeanswear displays its AMANDA mark on its lawful jeans:



28.     DL1961's unlawful AMANDA jeans are sold in a wide variety of retail channels, including brick-and-mortar and online.  Some of these retail channels are in this district.

29.     There are some trade channels in which both parties' AMANDA jeans are sold (*e.g.*, at Macy's and on Amazon).

30.     The parties' AMANDA jeans are sold at similar price points.  For example,

in October 2018, Nordstrom Rack was selling one of DL1961's AMANDA jeans for $49.50.

31.     In addition to being sold at a similar price point, DL1961's AMANDA jeans also

include a slimming waistband.  According to DL1961's website, "Amanda is a low-rise, full-

length skinny with a slimming contoured waistband."

32.     The parties' competing AMANDA jeans appear virtually or entirely identical

when worn in the marketplace and in retail channels.  Consider, for example, the following

representative photos pulled from online retail websites:





| One Jeanswear's AMANDA Jeans | DL1961's AMANDA Jeans |

## CLAIMS FOR RELIEF

### First Claim for Relief:
### Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

33.     One Jeanswear repeats the allegations contained in paragraphs 1 through 32 above.

34.     As detailed above, without One Jeanswear's consent, DL1961 used and continues to use in commerce reproductions, counterfeits, copies, and colorable imitations of One Jeanswear's registered AMANDA mark in connection with the sale, offering for sale, distribution, and advertising of unlawful products.

35.     Such activities are likely to cause confusion and mistake, and to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     DL1961's conduct is causing and will continue to cause immediate and irreparable injury to One Jeanswear and One Jeanswear's goodwill and reputation, and such conduct will continue to damage One Jeanswear and deceive the public unless enjoined by the Court.

37.     By reason of the foregoing, One Jeanswear has suffered and will continue to suffer substantial damages, and DL1961 has reaped substantial unlawful revenues and profits.

**Second Claim for Relief:**
**Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

38.     One Jeanswear repeats the allegations contained in paragraphs 1 through 37 above.

39.     As detailed above, DL1961's actions are likely to cause confusion and mistake, and to deceive, as to the affiliation, connection, and association of DL1961 with One Jeanswear, and as to the origin, sponsorship, and approval of DL1961's goods and commercial activities.

40.     As detailed above, DL1961's actions in commercial advertising and promotion misrepresent the nature, characteristics, and qualities of DL1961's goods and commercial activities.

41.     As detailed above, DL1961 has misappropriated One Jeanswear's AMANDA mark, and the associated goodwill, which were created at One Jeanswear's expense and through One Jeanswear's skill and labor.

42.     By reason of the foregoing, One Jeanswear has suffered and will continue to suffer substantial damages, and DL1961 has reaped substantial unlawful revenues and profits.

**Third Claim for Relief:**
**Violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

43.     One Jeanswear repeats the allegations contained in paragraphs 1 through 42 above.

44.     One Jeanswear is the exclusive owner of the AMANDA mark for jeans and other products.

45.    One Jeanswear's AMANDA mark is widely recognized by the consuming public of the United States.

46.    The AMANDA mark is distinctive and famous within the meaning of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

47.    DL1961 began unlawfully using the AMANDA mark after One Jeanswear's AMANDA mark became famous.

48.    DL1961's unlawful use of the AMANDA mark and DL1961's manufacture, distribution, and sale of its unlawful AMANDA jeans are diluting the distinctive quality of One Jeanswear's AMANDA mark and decreasing the capacity of One Jeanswear's AMANDA mark to identify and distinguish One Jeanswear's products.

49.    DL1961's activities as alleged herein have diluted and are likely to continue diluting the distinctive qualities of One Jeanswear's AMANDA mark in violation of 15 U.S.C. § 1125(c).

50.    At all times, DL1961 willfully intended to trade on One Jeanswear's reputation and dilute One Jeanswear's famous AMANDA mark.

51.    By reason of the foregoing, One Jeanswear has suffered and will continue to suffer substantial damages, and DL1961 has reaped substantial unlawful revenues and profits.

**Fourth Claim for Relief:**
**Injury to Business Reputation and Dilution Under N.Y. G.B.L. § 360-l**

52.    One Jeanswear repeats the allegations contained in paragraphs 1 through 51 above.

53.    DL1961's use of the AMANDA mark injures and creates a likelihood of injury to One Jeanswear's business reputation and dilution of the distinctive qualities of One Jeanswear's AMANDA mark.

54.     DL1961's use of the AMANDA mark will cause confusion in many different ways, including as to DL1961's association with One Jeanswear's AMANDA mark.

55.     By reason of the foregoing, One Jeanswear has suffered, and will continue to suffer, substantial damages, and DL1961 has reaped substantial unlawful revenues and profits.

**Fifth Claim for Relief:**
**Common Law Trademark Infringement, Unfair Competition, and Misappropriation**

56.     One Jeanswear repeats the allegations contained in paragraphs 1 through 55 above.

57.     DL1961's use of One Jeanswear's AMANDA mark constitutes the palming off of DL1961's goods as if they are One Jeanswear's goods.

58.     DL1961 has, in bad faith, misappropriated One Jeanswear's AMANDA mark that was created through One Jeanswear's expense, skill, and labor.

59.     By reason of the foregoing, One Jeanswear has suffered, and will continue to suffer, substantial damages, and DL1961 has reaped substantial unlawful revenues and profits.

**Sixth Claim for Relief:**
**Unjust Enrichment**

60.     One Jeanswear repeats the allegations contained in paragraphs 1 through 59 above.

61.     As discussed above, One Jeanswear and DL1961 are competitors in the same industry, and One Jeanswear's AMANDA mark is well-known in the industry and to the consuming public.

62.     One Jeanswear has expended significant effort, time, and money to create, develop, and protect the AMANDA mark and its AMANDA style of jeans.

63.     DL1961 has enriched itself through the use of One Jeanswear's AMANDA mark, the goodwill associated with the AMANDA mark, and the association in the industry and in the consuming public of AMANDA with One Jeanswear.

64.     DL1961 has used the AMANDA mark for financial gain and in order to derive other benefits.

65.     DL1961 has unjustly retained the benefits of the use of One Jeanswear's AMANDA mark, the meaning associated with the mark, and goodwill associated with the AMANDA mark.

## PRAYER FOR RELIEF

**WHEREFORE**, One Jeanswear respectfully requests that this Court enter judgment in its favor, and against DL1961, as follows:

(A)     Enjoining DL1961 and its officers, directors, agents, employees, successors, assigns, and attorneys, and all other persons or entities in active concert or participation with DL1961 who receive notice of the injunction by personal service or otherwise, from doing, aiding, causing, or abetting the following:

    (i)     Engaging in any further use of marks that are identical or confusingly similar to the AMANDA mark;

    (ii)     Directly or indirectly using in commerce an identical or confusingly similar imitation of the AMANDA mark in connection with the sale, offering for sale, distribution, promotion, or advertisement of any goods and/or services without written authorization from One Jeanswear;

    (iii)     Using a mark that is identical or confusingly similar to One Jeanswear's AMANDA mark in commercial advertising or promotion; and

    (iv)     Otherwise engaging in unfair competition or any other unlawful activity.

(B)     Directing DL1961 to file with the Court and serve upon counsel for One Jeanswear, within thirty (30) days after the entry of the permanent injunction

requested in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which DL1961 has complied with the injunction;

(C)     Ordering DL1961 to account for and pay to One Jeanswear all profits derived by reason of DL1961's acts alleged in this Complaint pursuant to 15 U.S.C. § 1117(a), and New York State statutory and common law;

(D)     Awarding One Jeanswear all actual damages it has sustained as a result of DL1961's actions including, without limitation, damage to its business, reputation, and goodwill, and the loss of sales and profits that it would have made but for DL1961's acts pursuant to 15 U.S.C. § 1117(a), and New York State statutory and common law;

(E)     Finding this is an "exceptional" case pursuant to 15 U.S.C. § 1117(a);

(F)     Awarding One Jeanswear injunctive relief and damages, extraordinary damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2);

(G)     Awarding One Jeanswear treble damages pursuant to 15 U.S.C. § 1117(b) and New York State statutory and common law;

(H)     Awarding One Jeanswear punitive damages;

(I)     Awarding One Jeanswear its costs of suit, including reasonable attorneys' fees and expenses for the prosecution and appeal, if any, of this matter pursuant to 15 U.S.C. § 1117(a) and New York State statutory and common law;

(J)     Directing DL1961 to immediately deliver to One Jeanswear all goods, labels, stickers, hangtags, and other marketing and tangible materials bearing or displaying the AMANDA mark in the possession or under the control of DL1961;

(K)     Directing DL1961 to immediately recall from the marketplace all goods, labels, stickers, hangtags, and other marketing and tangible materials bearing or displaying the AMANDA mark and to immediately deliver all such products to One Jeanswear, including products within the possession of third-party retailers and distributors;

(L)     Directing DL1961 to engage in corrective advertising, at DL1961's expense, at a scope commensurate with DL1961's unlawful advertising, promotion, and use of the AMANDA mark, and commensurate with the harm that One Jeanswear has suffered as a result of DL1961's unlawful activities;

(M)     Awarding One Jeanswear pre-judgment and post-judgment interest on all sums awarded in the Court's judgment; and

(N)     Granting One Jeanswear such other relief as this Court deems just and proper.

Dated:   November 30, 2018

HAYNES AND BOONE, LLP
*Attorneys for Plaintiff One Jeanswear Group Inc.*

By:   /s/*Adam Siegartel*
Adam Siegartel
Joseph Lawlor
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(T) 212-835-4843
(F) 212-884-9551
adam.siegartel@haynesboone.com
joseph.lawlor@haynesboone.com